United States District Court
Southern District of Texas

**ENTERED**

May 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JEWELL THOMAS, §
§
Plaintiff, §
§
v. §   CIVIL ACTION NO. 2:24-CV-00307
§
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, *et al.*, §
§
Defendants. §

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Order and Memorandum and Recommendation ("M&R"). (D.E. 50). The M&R recommends that the Court should grant in part and deny in part Defendants' motion to dismiss, (D.E. 24), as follows:

- Dismiss without prejudice Plaintiff's state law TTCA claims (negligence and gross negligence) brought against each of the four officer Defendants in their individual capacities, Defendant Guerrero in his official capacity, and the TDCJ;
- Dismiss with prejudice Plaintiff's request for punitive damages as to his ADA and RA claims against TDCJ, Defendant Collier in his official capacity, and Defendant Guerrero in his official capacity;
- Deny Defendants' motion as unnecessary to the extent Defendants seek to dismiss Plaintiff's § 1983 claims for monetary relief against either the TDCJ or any individual defendant in his official capacity;
- Deny Defendants' motion to the extent it seeks dismissal of Plaintiff's claims as barred by the doctrine of issue preclusion;
- Deny Defendants' motion with regard to Defendants seeking to dismiss on qualified immunity grounds Plaintiff's Eighth Amendment deliberate indifference claims— based on their actions in short-cuffing Plaintiff behind his back or allowing him to be short-cuffed behind his back—against each of the Officer Defendants in their individual capacities;
- Deny Defendants' motion as unnecessary to the extent Defendants seek to dismiss Plaintiff's ADA and RA claims against any or all of the Officer Defendants in their individual capacities; and
- Deny Defendants' motion with regard to Defendants seeking to dismiss Plaintiff's failure-to accommodate ADA and RA claims (including his request for compensatory damages based on intentional discrimination) against the TDCJ, Defendant Collier in his official capacity, and Defendant Guerrero in his official

capacity.

(D.E. 50, p. 53–54).

The parties were provided proper notice of, and the opportunity to object to, the Magistrate

Judge's M&R. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No

objection has been filed.[1] When no timely objection has been filed, the district court need only

determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United*

*States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan*

*Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon,

J.) (citation omitted).

Having reviewed the proposed findings and conclusions of the Magistrate Judge, the filings

of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous

or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 50). Accordingly, the Court:

- **DISMISSES without prejudice** Plaintiff's state law TTCA claims (negligence and gross negligence) brought against each of the four Officer Defendants in their individual capacities, Defendant Guerrero in his official capacity, and the TDCJ;
- **DISMISSES with prejudice** Plaintiff's request for punitive damages as to his ADA and RA claims against the TDCJ, Defendant Collier in his official capacity, and Defendant Guerrero in his official capacity;
- **DENIES** Defendants' motion as unnecessary to the extent Defendants seek to dismiss Plaintiff's § 1983 claims for monetary relief against either the TDCJ or any individual defendant in his official capacity;
- **DENIES** Defendants' motion to the extent it seeks dismissal of Plaintiff's claims as barred by the doctrine of issue preclusion;
- **DENIES** Defendants' motion with regard to Defendants seeking to dismiss on qualified immunity grounds Plaintiff's Eighth Amendment deliberate indifference claims—based on their actions in short-cuffing Plaintiff behind his back or allowing him to be short-cuffed behind his back—against each of the Officer Defendants in their individual capacities;
- **DENIES** Defendants' motion as unnecessary to the extent Defendants seek to

---

[1] Plaintiff does not object to the M&R. *See* (D.E. 61, p. 3) ("[T]he Court should adopt the magistrate's Recommendation and Memorandum[.]"). Although Judge Hampton granted Defendants Steve Hampson, Gabriel Liserio, Ildefonso Barrera, Bryan Collier, Bobby Lumpkin, and Brayan Macias Ramirez's request for an extension of time to file objections, (D.E. 52); (D.E. 53), Defendants did not file any objections to Judge Hampton's M&R.

dismiss Plaintiff's ADA and RA claims against any or all of the Officer Defendants in their individual capacities; and

- **DENIES** Defendants' motion with regard to Defendants seeking to dismiss Plaintiff's failure-to accommodate ADA and RA claims (including his request for compensatory damages based on intentional discrimination) against the TDCJ, Defendant Collier in his official capacity, and Defendant Guerrero in his official capacity.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
        May /1th, 2026